**Donald CORVESE and Deborah Corvese**

v.

**HARRIS–SEYBOLD COMPANY et al.**

No. 93–247 M.P.

Supreme Court of Rhode Island.

Feb. 3, 1994.

Annette Elseth, Merrill Friedemann, Aram Schefrin.

Rajarim Suryanarayan, Madeline Quigley, Mary K. Milsuki.

ORDER

This matter came before the Supreme Court on January 26, 1994, pursuant to an order directing the parties to appear and to show cause why the issues raised in this petition for a writ of certiorari should not be summarily decided.

This controversy arises out of the pretrial discovery efforts by defendant Harris Corporation (Harris) in a lawsuit brought by plaintiffs to recover damages for "pain of body and mind," among other things, in connection with an accident involving a printing press. The defendant scheduled a deposition of the Records Keeper of Butler Hospital (Butler), including a subpoena ordering the production of all documents in Butler's possession relating to plaintiff Donald Corvese (Corvese). Butler twice moved for a protective order and to quash the subpoena. In the second hearing before a motion justice, Butler's motion was denied, but the motion justice ordered an in camera review of the records. After this review, the motion justice ordered all the records sealed except for three pages, which she required be disclosed.

Harris argues that under Rule 26(b)(1) of the Superior Court Rules of Civil Procedure the Butler Hospital records are subject to discovery because they are relevant and not privileged. Harris asserts that it should be permitted to investigate and review documents relating to Corvese's mental condition prior to the accident because he has placed this issue before the court.

Corvese argues that the records sought are not relevant to the injuries alleged in this lawsuit and that the motion justice did not abuse her discretion. He also claims that there must be some protection for him so that highly personal, possibly inflammatory, unrelated medical records will not be discoverable simply because he has placed his mental condition in dispute.

Rule 26(b)(1) permits examination of a deponent "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," including the existence and description of documents. Additionally, the rule states that "[i]t is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

We conclude that the motion justice erred in sealing the Butler records because they are relevant for discovery purposes. Therefore, we order that the records sealed by the motion justice be unsealed and produced to Harris.

Consequently, the petition is granted and the motion justice's order is quashed.